James ERMOVICK, Plaintiff—
Appellant,

v.

Mitchell SILBERBERG and Knupp
LLP Long Term Disability for All
Employees, an ERISA plan, Defen-
dant—Appellee.

No. 06–56191.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2008.*

Filed June 16, 2008.

Charles J. Fleishman, Esq., Beverly
Hills, CA, for Plaintiff-Appellant.

Sherida A. Stroble, Esq., Robert Coo-
per, Esq., Wilson, Elser, Moskowitz, Edel-
man & Dicker LLP, Los Angeles, CA, for
Defendant-Appellee.

Before: PREGERSON, D.W.
NELSON, and FERNANDEZ, Circuit
Judges.

### MEMORANDUM**

James Ermovick appeals the district
court's judgment in favor of Mitchell, Sil-
berberg and Knupp LLP Long Term Dis-
ability Plan ("the Plan") upholding the
denial of long term disability benefits to
Ermovick. We reverse and remand.

While Mitchell, Silberberg and Knupp
LLP was the designated plan administra-
tor, Prudential Insurance Company of
America insured the Plan's benefits and
performed the day-to-day administration
of the Plan. It was Prudential that re-
viewed Ermovick's claim and ultimately
denied long term disability benefits rough-
ly seven months after first granting them.

It is agreed by the parties that the
district court was required to conduct de
novo review of Prudential's decision. The
district court declared it was doing so, but
went on to explain that it would review
Prudential's decision to see if it was clear-
ly erroneous. The court described that
standard as "significantly deferential" and
indicated that it "must support" Pruden-
tial's decision if reasonable minds could
differ. That construction of the standard
was plainly wrong, obnebulated the whole
process, and failed to constitute "an inde-
pendent and thorough inspection of [the]
administrator's decision." *Silver v. Execu-
tive Car Leasing Long–Term Disability
Plan*, 466 F.3d 727, 733 (9th Cir.2006).
The district court must "[fully] exercise
[its] informed and independent judgment."
*Mongeluzo v. Baxter Travenol Long Term
Disability Benefit Plan*, 46 F.3d 938, 943
(9th Cir.1995). Its failure to do so fatally
undermines the district court's findings
and conclusions,[1] and requires reversal.[2]

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. No doubt, the error also led to the district
   court's: (a) failure to consider more than a
   small portion (79 pages) of the record (678
   pages), rather than completely examining it,
   *see Silver,* 466 F.3d at 734; (b) failure to
   address the fact that Prudential granted long
   term disability benefits and for no properly
   articulated reason terminated them seven
   months later; (c) failure to address the appar-
   ent lack of a true interactive process between
   Prudential and Ermovick, *see Jebian v. Hew-
   lett–Packard Co. Employee Benefits Org. In-*

Thus, we remand so that the district court can in the first instance properly review the evidence using a proper standard of review. That is a function that is "ordinarily committed ... to trial courts, not appellate courts." *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1095 n. 5 (9th Cir.1999) (en banc).

REVERSED and REMANDED.

*come Prot. Plan,* 349 F.3d 1098, 1104 (9th Cir.2003); *Booton v. Lockheed Med. Benefit Plan,* 110 F.3d 1461, 1463–65 (9th Cir.1997); (d) failure to consider that after Prudential terminated the benefits, it changed its rationale for so doing, *see Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 974 (9th Cir.2006) (en banc); and (e) decision to adopt the Plan's proposed findings and conclusions verbatim.

**2.** *LaMantia v. Voluntary Plan Adm'rs, Inc.,* 401 F.3d 1114, 1121 (9th Cir.2005).

