**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ERMOVICK, | No. 09-55011 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-06018-R-VBK |
| v. | |
| MITCHELL SILBERBERG AND KNUPP LLP LONG TERM DISABILITY COVERAGE FOR ALL EMPLOYEES, an ERISA plan, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 5, 2010

Pasadena, California

Before:    CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM,[**]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, US District Judge for the District of Minnesota, sitting by designation.

James Ermovick again appeals the district court's judgment in favor of Mitchell, Silberberg and Knupp LLP Long Term Disability Coverage for All Employees ("the Plan") upholding the termination of his long term disability benefits. We reverse and remand with instructions to assign this case to a different district judge.

Although not the designated plan administrator, Prudential Insurance Company of America insured the Plan's benefits and performed day-to-day administration of the Plan. Ermovick was granted "any occupation" disability benefits on April 4, 2003. Prudential terminated these benefits approximately seven months later.

It is undisputed that the standard of review in the district court was *de novo*. The district court originally upheld the termination of benefits and entered judgment for defendant on August 11, 2006. On appeal, a panel of this court reversed and remanded. We noted that while the district court declared it was conducting a de novo review, it explained that it would review Prudential's decision to determine if it was clearly erroneous. We held that the district court's "construction of the standard was plainly wrong," that the review "failed to constitute 'an independent and thorough inspection of the administrator's decision,'" and that the district court failed to "'fully exercise its informed and

independent judgment.'" *Ermovick v. Silberberg*, 282 F. App'x 623, 623 (9th Cir. June 16, 2008) (unpublished disposition) (quoting *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943 (9th Cir. 1995)).  We also identified other flaws in the district court's decision, including its "failure to address the fact that Prudential granted long term disability benefits and for no properly articulated reason terminated them seven months later," and its "decision to adopt the Plan's proposed findings and conclusions verbatim."  *Id.* at 623 n.1.

On remand, the district court again upheld the termination of benefits and entered judgment for defendant.  Although the court stated that it was reviewing the evidence "on the basis of the de novo review," its standard of review was again deferential.  Rather than engaging in "an independent and thorough inspection of the administrator's decision," *Silver*, 466 F.3d at 733, it concluded orally that the "findings of fact" were "supported" by evidence in the administrative file.  It again adopted the Plan's proposed findings and conclusions verbatim, adding, "The court has reviewed the findings of fact and conclusions of law and finds them supported by the evidence and the law."  The district court's language that defendant's

3

findings and conclusions were "supported" by the evidence, and adoption of the Plan's findings and conclusions verbatim, is incompatible with a *de novo* review.

We therefore reverse and remand this case to the district court so that the evidence may be reviewed under the proper standard of review. We remand this case to the Chief Judge of the Central District of California for reassignment to a different district judge. In light of the long time this case has been pending, we request that the district court give expedited treatment to this case. We direct that the court of appeals give expedited treatment to any appeal of the district court's decision on remand.

The mandate shall issue forthwith.

**REVERSED AND REMANDED.**